IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FITLER CLUB, LLC,** | : | **CIVIL ACTION** |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | **NO. 25-6001** |
| **MORABITO CONSULTANTS, INC.,** | : | |
| | : | |
| Defendant. | : | |

**Perez, J.**                                                                                          **April 21, 2026**

**MEMORANDUM**

For a federal district court to have subject matter jurisdiction over a case involving only state law claims, there must be complete diversity of citizenship. Where a party is a limited liability company ("LLC"), its citizenship is determined by the citizenship of each of its members. Tracing the citizenship of Plaintiff Fitler Club, LLC ("Fitler") through each of its members, it is clear that Fitler is a citizen of Maryland. Defendant Morabito Consultants, Inc. ("Morabito") is also a citizen of Maryland. Complete diversity of the parties, therefore, does not exist, and the Court must grant Fitler's Motion to Remand.

## I.    Background

Fitler brought this negligence action against Morabito in the Philadelphia Court of Common Pleas. *See* ECF No. 1 ¶ 1; ECF No. 1-5 at 13. Morabito removed the action to this Court on October 20, 2025, asserting diversity jurisdiction. ECF No. 1 at 2. On January 19, 2026, Fitler moved this Court to remand the case, arguing that complete diversity does not exist. ECF No. 15.

The parties agree Morabito is (and was at the time the Complaint was filed) a citizen of Maryland because it is a corporation incorporated in Maryland, with its principal place of business in Maryland. ECF No. 1 ¶ 7; ECF No. 15 ¶ 3. The parties also agree Fitler is a Delaware LLC with

1

its principal place of business in Pennsylvania. ECF No. 1 ¶ 6; ECF No. 15 ¶ 2. However, Fitler contends, and Morabito disputes, that Fitler is also a citizen of Maryland. ECF No. 15 ¶ 5; ECF No. 16 ¶ 5.

Fitler contends its layers of membership are as follows:

Fitler's sole member is Fitler Club Holdings, LLC ("Holdings"). ECF No. 15 ¶ 7; ECF No. 15-3 at 2, 8 (Fitler Club Operating Agreement identifying Holdings as the "Sole Member" of Fitler). Holdings is a Delaware LLC. ECF No. 15 ¶ 8; ECF No. 15-5 (Holdings' certificate of status).

In turn, USAC Fitler Club Investor, LLC ("Investor") is a member of Holdings. ECF No. 15 ¶ 9; ECF No. 15-7 (K-1 showing Investor is a "Limited partner or other LLC member" of Holdings). Investor is also a Delaware LLC, although its certificate of status lists its status as "Cancelled, Failure to Pay Tax." ECF No. 15 ¶ 9; ECF No. 15-6 (Investor's certificate of status).

Finally, Joshua Ingber is a member of Investor. ECF No. 15 ¶ 10; ECF No. 15-8 at 2 (Schedule K-1 showing Ingber is a "Limited partner or other LLC member" of Investor). Fitler contends Ingber is a citizen of Maryland. ECF No. 15 ¶¶ 11–12.

Morabito raises two primary issues: (1) Fitler has not alleged facts regarding Ingber's domicile, only his residence, and residence is not enough to establish citizenship; and (2) Investor's status with the state of Delaware is "cancelled, failure to pay tax," which nullifies its citizenship for purposes of determining Fitler's citizenship, based on its inability to maintain any action, suit or proceeding under Delaware law. In reply, Fitler submitted an unsworn declaration by Ingber[1] stating that he is a member of Investor, that he resides in and intends to remain in Maryland at a

---

[1] "Wherever, under any law of the United States . . . , any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, . . . such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, . . . in writing of such person which is subscribed by him, as true under penalty of perjury, and dated . . . ." 28 U.S.C. § 1746.

home he and his wife own, that he has three children who attend school in Maryland, that he works in Maryland, that he pays taxes in Maryland, and that he has a Maryland drivers' license (and has since 2011). ECF No. 15-2.

**II.        Legal Standard**

By statute, a defendant may remove a civil action from state court if the case could have originally been brought in federal court. *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006) (citing 28 U.S.C. § 1441(a)). A plaintiff may oppose removal via a motion to remand. 28 U.S.C. § 1447(c). To invoke this Court's original jurisdiction based on diversity of citizenship, the proponent of federal jurisdiction must prove complete diversity exists. *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006). Courts determine the parties' citizenship "based on the relevant facts at the time the complaint was filed." *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).

An LLC's citizenship is determined by the citizenship of its members. *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). "[W]here an LLC has, as one of its members, another LLC, 'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be' to determine the citizenship of the LLC." *Id.* (citation omitted). If, after tracing the LLC's citizenship through the layers, the Court finds that one member defeats complete diversity, the Court lacks jurisdiction. *See id.*

When determining an individual's citizenship, meanwhile, courts look to his domicile, which is "his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning." *McCann*, 458 F.3d at 286 (citation omitted). Domicile is therefore "established by an objective physical presence in the state or territory coupled with a subjective intention to remain there indefinitely." *Washington*, 652 F.3d at 344.

3

III.     **Discussion**

A.  **Investor's "cancelled" tax status does not nullify its citizenship.**

The parties dispute the impact of Investor's status as "Cancelled, Failure to Pay Tax" on the analysis of Fitler's citizenship. In essence, Morabito would remove Investor and, by extension, Ingber, from Fitler's "layers of . . . members" because the state of Delaware has cancelled its certificate of formation. Cancellation and loss of good standing do not dissolve an LLC. *See Township of Bristol v. 1 Enterprises, LLC*, 177 A.3d 1045, 1050 (Pa. Commw. Ct. 2018) (citing 6 Del. Code § 18-1107(i), (k), (l), (m)); *see also* 6 Del. Code § 18-801 (listing circumstances that dissolve an LLC, including at the time or upon the happening of events provided in the LLC agreement, upon a vote by members, when there are no remaining members, and upon the entry of a decree of judicial dissolution). However, even if they did, under Pennsylvania law,[2] the dissolution of an LLC does not strip the Court of subject-matter jurisdiction. *See Chongqing Kangning Bioengineering Co. v. Conrex Pharm. Corp.*, 327 A.3d 209, 217 (Pa. Super. Ct. 2024) ("[U]nder the common law, the dissolution of a business entity . . . did not – and never has – stripped the court of subject-matter jurisdiction."); *see also* 15 Pa. C.S.A. § 1978(a) ("Every business corporation that is dissolved . . . shall, nevertheless, continue to exist for the purpose of . . . prosecuting and defending actions or proceedings by or against it."). Nor does the loss of good standing for failure to pay taxes strip an LLC of its right to defend itself in proceedings against it. *See Twp. of Bristol*, 177 A.3d at 1050–51.

Morabito relies primarily on *Township of Bristol v. 1 Enterprises, LLC* to argue Investor's "cancelled" status with the state of Delaware nullifies its citizenship for the purpose of determining

---

[2] When an LLC has been cancelled, the law of the forum controls whether the LLC may still be sued. *See Reed v. Tintic Consol. Metals, LLC*, No. 23-684, 2024 U.S. Dist. LEXIS 154072, at *5 (D. Utah Aug. 27, 2024) (citing *Lazar v. Gobron*, 678 F. Supp. 3d 756, 762–63 (W.D. Va. 2023); and *Go Fast Sports & Beverage Co. v. Buckner*, No. 08-CV-01527, 2008 U.S. Dist. LEXIS 65754 (D. Col. July 23, 2008)). The Court, therefore, looks to Pennsylvania law.

Fitler's citizenship. *See* ECF No. 16 ¶ 9; ECF No. 16-1 at 3–4. *Township of Bristol* is not directly on point here; however, it is instructive, albeit not in Morabito's favor. It involved a Delaware LLC that owned property subject to multiple liens and eminent domain proceedings brought by the Township. 177 A.3d at 1047. The LLC pursued a claim for just compensation. *See id.* at 1049. Throughout the litigation and through trial, the LLC's certificate had been cancelled for nonpayment of taxes, but before judgment was entered, the LLC paid the outstanding taxes and was restored to good standing. *Id.* at 1050–51. The Commonwealth Court affirmed the trial court's judgment, finding the LLC had standing to pursue its claim for just compensation, and stating that an LLC's cause of action "may not be dismissed on the ground that its certificate was canceled or it was otherwise not in good standing earlier in the litigation, if it later pays the taxes, interest and penalties and is restored to good standing while the litigation is pending." *Id.* at 1050.

The Commonwealth Court looked to Delaware law to determine whether an LLC with a cancelled certificate of formation could assert its rights in an eminent domain case. *Id.* Delaware's LLC Act provides that an LLC's certificate of formation may be cancelled for nonpayment of taxes after three years. 6 Del. Code § 18-1108. An LLC that is not in good standing because it has failed to pay its annual tax "may not maintain any action, suit or proceeding with any Court of the State of Delaware." 6 Del. Code § 18-1107(h), (l); *see also Twp. of Bristol*, 177 A.3d at 1050. However, such cancellation does "not impair the validity of any contract, deed, mortgage, security interest, lien or act of such [LLC] . . . or prevent such [LLC] . . . from defending any action, suit or proceeding with any court of the State of Delaware." 6 Del. Code § 18-1107(m). Therefore, Investor's cancellation does not nullify its membership in Fitler.

As Fitler argues, the LLC Act did "not blink Investor out of existence" when Investor ceased to be in good standing or when its certificate of formation was cancelled. *See Twp. of*

*Bristol*, 177 A.3d at 1050–51; *see also W. States Fed. Contr., LLC v. VA*, 667 F. App'x 775, 777 (Fed. Cir. 2016) (noting that lack of good standing does not justify dismissal "because Delaware law allows an LLC to maintain an action once it has been *restored* to good standing"). Furthermore, under Pennsylvania law, even dissolution (which did not occur here) does not bear upon the court's subject matter jurisdiction. *See Chongqing Kangning Bioengineering*, 327 A.3d at 217. Thus, the Court is not convinced that Investor's cancellation, even if it amounted to dissolution, would remove it from Fitler's layers of membership for the citizenship analysis.

Morabito does not explain why this Court should pretend Investor does not exist merely because its certificate of formation has been cancelled due to nonpayment of tax. Notably, the only authority on which Morabito relies does not support its argument. The Court will therefore turn to Ingber's citizenship.

### B. Ingber is a citizen of Maryland.

Fitler has shown through Ingber's declaration that he is domiciled in Maryland. "In determining an individual's domicile, a court considers several factors, including 'declarations, exercise of political rights, payment of personal taxes, house of residence, . . . place of business[,] . . . location of spouse and family, . . . and driver's license and vehicle registration." *McCann*, 458 F.3d at 286. Here, Ingber's declaration shows each of these factors is met. Ingber has owned a single-family residence in Maryland for 15 years and resides there. ECF No. 15-2 ¶ 2. He has three children who attend school in Maryland. *Id.* ¶ 3. He works in Maryland. *Id.* ¶ 3. He files income tax returns and pays real estate taxes in Maryland. *Id.* ¶ 5. He has had a Maryland driver's license since 2011. *Id.* ¶ 6.

Although Fitler presented these facts in its reply brief, not its original motion, Morabito did not seek leave to file a sur-reply to contest them. Morabito is correct that residency alone is

6

insufficient to establish citizenship. *See GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 35 (3d Cir. 2018). However, the deficiency Morabito identified—that Fitler only alleged Ingber "resides" in Maryland—has now been cured.

**IV.      Conclusion**

In sum, the Court finds that, for purposes of the diversity jurisdiction analysis, the citizenship of Investor and Investor's members must be considered. Ingber is a member of Investor, which is a member of Holdings, which is the sole member of Fitler. Tracing Fitler's citizenship through all layers of its members, therefore, compels the conclusion that Fitler is a citizen of Maryland. Morabito is also a citizen of Maryland. Morabito has failed to carry its burden of showing complete diversity exists, so the Court must grant Fitler's motion to remand.